I would affirm the trial court's decision; therefore, I respectfully dissent. The trial court's amended order entered on the case action summary states:
 "Motion for Summary Judgment filed by Alfa Specialty Ins. Company denied. Mr. Croft's criminal conduct has not, as a matter of law, precluded any coverage under the liability and medical pay provision of the policy in question so far as innocent third parties are concerned. That the criminal conduct of Mr. Croft will preclude Mr. Croft from coverage on any injuries sustained by Mr. Croft."[7]
The policy issued to Croft provides, in part:
"EXCLUSIONS
"We do not provide liability coverage for:
 "Any liability arising out of the use of a car in connection with the commission of or the attempt to commit a criminal act. . . ."
The trial court could have determined that this policy exclusion was ambiguous and that the term "criminal act" could be broadly defined. Additionally, the Jenningses are innocent third parties who seek protection and recovery. The trial court could have determined that the policy exclusion does not address and is not meant to apply to innocent third parties.
"A contract should be given a reasonable meaning that is equitable to the parties and that does not give one of them an unfair or unreasonable advantage over the other." Strickland v.General Motors Acceptance Corp., 578 So.2d 1275, 1277 (Ala. 1991) (citing S. Williston, Williston on Contracts § 620 at 4:751 (3d ed. 1961)). "`When any aspect of a contract is capable of more than one meaning, it is ambiguous.'" SouthTrust Bank v.Copeland One, L.L.C., 886 So.2d 38, 43 (Ala. 2003) (quotingVoyager Life Ins. Co. v. Whitson, 703 So.2d 944, 948 (Ala. 1997)). "It is a well-established rule of contract construction that any ambiguity in a contract must be construed against the drafter of the contract." SouthTrust Bank, 886 So.2d at 43. "[O]nce a court determines that an instrument is ambiguous or uncertain in any respect, it becomes a question for the factfinder to determine the true meaning of the contract." Exparte Harris, 837 So.2d 283, 290 (Ala. 2002). Because Alfa drafted the policy provision, any ambiguity in that policy must be construed against Alfa, and it becomes the function of the fact-finder to decipher the meaning of the term "criminal act" and whether the policy exclusion applies to an injury of an innocent third party.
I find the reasoning in Cotton States Mutual Insurance Co. v.Neese, 254 Ga. 335, 329 S.E.2d 136 (1985), to be persuasive. The main opinion relies on cases from other jurisdictions that are, in my opinion, inapplicable. Those cases stand for the proposition that insurance companies will not be required to provide coverage *Page 204 
to individuals who intentionally inflict personal injury or property damage. Although Croft may have recklessly inflicted damage to the Jenningses' home, the evidence does not show that he did so intentionally. Therefore, the cases cited in the main opinion are distinguishable from the present case.
[7] Croft has not appealed from the trial court's entry of a summary judgment against him and in favor of Alfa Specialty Insurance Company.